UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES HOSTETLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 1:04-CV-412-TLS |
| ) | |
| EDWIN BUSS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Charles Hostetler, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, seeking review of a prison disciplinary hearing.

**FACTUAL BACKGROUND**

On July 24, 2003, Sergeant Brubaker wrote a conduct report about finding two weapons or "shanks" in a room where Hostetler and three other prisoners were housed. The investigation report stated that one of the shanks, identified as an "ice pick," belonged to inmate Anthony Sanders, The other shank, however, was never conclusively identified as belonging to any specific inmate.

On August 6, 2003, a disciplinary board found Hostetler guilty of possession of a deadly weapon, but on appeal, the Superintendent ordered a rehearing. On November 7, 2003, a three member disciplinary board again found Hostetler guilty and sanctioned him with a loss of 120 days of earned credit time. The facility superintendent reduced the deprivation of earned credit time to 90 days. Hostetler appealed unsuccessfully to the facility head and the final reviewing authority.

**DISCUSSION**

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974)

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445 (1985). The some evidence standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence." *Webb,* 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

Hostetler presents six claims in his petition for writ of habeas corpus. The respondent asserts that Hostetler is procedurally defaulted from submitting several of these issues in this petition. Hostetler also presents several issues that were presented in his administrative appeal. The

respondent argues that these claims should be denied because the disciplinary board afforded him the process he was due under *Wolff v. McDonnell* and *Hill*.

### A.      Procedural Default

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993. 995 (7th Cir. 1992). Failure to raise an issue on appeal to the final reviewing authority is a waiver of that claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

Hostetler's petition for writ of habeas corpus presents several claims and issues that were not fairly presented to prison officials in his administrative appeal. The petitioner has procedurally defaulted those issues. This Court will only consider those claims that were also fairly presented in his institutional appeal: (1) the disciplinary board relied on unreliable inmate witnesses who had reason to lie; (2) the weapons were found in a "common area" where inmates other than he and his roommates could enter; (3) there is no evidence linking him personally to the weapons; (4) all four roommates were found guilty of possessing the weapons; (5) chain of custody was not established; and (6) witnesses were not cross-examined.

### B.      Procedural Due Process

Hostetler asserts that there is no chain-of-custody for the evidence. There are certain types of evidence in prison disciplinary actions, such as urine samples, which require a detailed chain-of-custody before they can be used against an inmate. *See Wykoff v. Resig,* 613 F. Supp. 1504, 1512 (N.D. Ind. 1985), *aff'd by unpublished order*, 819 F.2d 1143 (7th Cir. 1987). But the chain-of-custody rules do not apply so strictly to physical evidence used in prison disciplinary hearings. The

3

petitioner does not dispute that two weapons were found in his room, and that there may not be chain-of-custody documents detailing how those weapons were handled and stored after they were discovered does not violate his due process rights.

Hostetler asserts that there was no cross-examination of the witnesses. While prisoners have the right to call exculpatory witnesses, they do not have the right to confront or cross-examine their accusers. *Wolff v. McDonnell*, 418 U.S. at 567–68; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Accordingly, that the disciplinary board may not have allowed Hostetler to confront and cross-examine adverse witnesses does not violate the Due Process Clause.

Hostetler argues that the disciplinary board relied on unreliable witnesses. But even in criminal or civil trials in court, witnesses who may be unreliable are allowed to testify. A party may, as Hostetler has done, attempt to impeach hostile witnesses, or provide arguments to the fact-finder why a hostile witness is unreliable and not to be believed. But the disciplinary board, as the fact-finder, has the responsibility to determine the credibility of witnesses and decide who to believe. Accordingly, that the board accepted, or even relied on, testimony from potentially unreliable witnesses's testimony does not violate the due process clause.

**C.     Sufficiency of the Evidence**

In conducting collateral reviews of prison disciplinary hearings under § 2254, this Court must examine the disciplinary hearing record for alleged constitutional errors. *See Bell v. Duckworth,* 861 F.2d 169 (7th Cir. 1998). The court, however, may not try facts *de novo* when reviewing prison disciplinary proceedings, *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984).

Hostetler argues that there was insufficient evidence to link him with ownership of either of

4

the weapons found in his room. He states that he had three roommates, and that all the inmates assigned to E-1 West dorm also had access to their living area because it was not secured.

The Court agrees with Hostetler that the evidence against him is not conclusive and that under the beyond a reasonable doubt standard, or even the preponderance of the evidence standard, the finding of guilt against him probably could not survive. After all, given the fact that Hostetler had three cell mates, there is only a twenty-five percent chance that he was the owner of the weapon. However, under the standard applicable here, the finding of guilt must be upheld if "there is any evidence in the record that could support the conclusion reached" by the board. *Hill*, 472 U.S. at 457.

One of the flaws of Hostetler's argument that the board could not find him guilty because all four cell occupants could not have possessed the same weapon is that the applicable standard does not require evidence that rules out, or "logically precludes any conclusion but the one reached by the disciplinary board." *Id.* The fact that weapons were found in Hostetler's living area, even though it was shared, is "some evidence" of guilt and is sufficient to support the board's finding. *See Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) (holding that an inmate constructively possessed a weapon found in his cell that he shared with three other inmates).

While the Seventh Circuit has held that a shared cell does not defeat constructive possession, it has also stated in dicta that if a room is accessible by a larger population of inmates, the evidence would not be sufficient to support a conviction even under the lenient some evidence standard. *Hamilton*, 976 F.2d at 345 (discussing an inmate's argument that thirty-two other inmates had access to a vent where weapons were found). Here, Hostetler argues that seventy-nine other offenders had access to his living area because it was not secured. However, absent evidence that other prisoners actually entered his cell, " it would be unreasonable to ascribe an equal probability of guilt" to the

5

entire population that was housed in the West dorm. *Quintanilla v. O'Brien*, 127 Fed. App. 887, 889 (7th Cir. 2005) (discussing *Hamilton* dicta). "Such an assumption would mean that in every prison that does not operate on continuous lockdown, finding drugs or weapons in a prisoner's cell would be insufficient evidence of malfeasance to support a conviction in compliance with the requirements of the Due Process Clause." *Id.* Hostetler does not present any evidence that other inmates entered his cell and thus, the disciplinary board was justified in believing that only four inmates had access to the cell and that this was evidence that the weapon belonged to one of them, including Hostetler.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on August 22, 2006.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT